UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY KRUG,

        Plaintiff,

                                    Case No.: 16-cv-12669
v.                                   Honorable Gershwin A. Drain

WILLIAM J. MALTINKSY, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#8]

On September 12, 2016, this Court entered an Order denying Plaintiff's Application to Proceed without Prepayment of Fees or Costs. The Court summarily dismissed Plaintiff's Complaint because he is barred from proceeding *in forma pauperis* pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Presently before the Court is Plaintiff's Motion for Reconsideration, filed on September 27, 2016. For the reasons that follow, the Court will deny Plaintiff's Motion for Reconsideration.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

In determining that Plaintiff was barred by the PLRA's "three strikes" provision, this Court relied on the case of *Krug v. Toh*, No. 15-cv-06691 (C.D. Cal. Sept. 9, 2015), which identified the cases filed by Plaintiff that have either been dismissed as frivolous or for failure to state a claim. The *Krug* court stated in relevant part:

> [T]he Court takes judicial notice that more than three of Krug's prior prisoner civil rights actions have been dismissed under 28 U.S.C. § 1915A on the ground that they failed to state a claim upon which relief may be granted.

2

*Krug v. Toh*, No. 15-cv-06691, *3 (C.D. Cal. Sept. 9, 2015). The *Krug* court also listed the cases filed by Plaintiff that had been dismissed: (1) *Krug v. Pellicane*, No. CV 12-10696-PA (CW)(C.D. Cal.) (1/8/15 Judgment); (2) *Krug v. Dennis*, No. 4:12-cv-00010-JHM (W.D. Ky.) (5/8/12 Judgment); (3) *Krug v. Stonerock*, No. 4:11-cv-3297-CMC (D. S.C. (1/11/12 Judgment); (4) *Krug v. USA*, No. 1:10-cv-0197-MHL (E.D. Tex.) (12/16/10 Judgment); (5) *Krug v. Hahn*, No. 1:08-cv-00048 (M.D. Tenn.) (7/19/09 Judgment).

In his present motion, Plaintiff complains that the "*Pellicane* litigation has not been dismissed for any reason." He requests that the Clerk of this Court communicate this information to the Clerk of the Court for the Central District of California. Aside from the fact that Plaintiff's request is not a valid reason for granting a Motion for Reconsideration, even if the *Pellicane* litigation was ongoing, he would nonetheless be barred by the three strikes provision of the PLRA because he has filed more than three cases that have been dismissed as frivolous or for failure to state a claim.

Additionally, a review of the filings in the *Pellicane* litigation reveals that it was likewise dismissed for failure to state a claim. On January 8, 2015, the *Pellicane* court accepted the report and recommendation of the magistrate judge. *See Krug v. Pellicane*, No. CV 12-10696-PA (CW)(C.D. Cal.) (1/8/15 Judgment).

The magistrate judge specifically found that Plaintiff's complaint in *Krug v. Pellicane* was "subject to dismissal for failure to state a First Amendment retaliation claim." *Id*. (Nov. 25, 2014 Rep. & Rec.)

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration [#8] is DENIED.

SO ORDERED.

Dated:  October 31, 2016                             /s/Gershwin A. Drain
                                                     GERSHWIN A. DRAIN
                                                     United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 31, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk