UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY KRUG,

        Plaintiff,

                                              Case No.: 16-cv-12669

v.                                        Honorable Gershwin A. Drain

WILLIAM J. MALTINKSY, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION [#11]

On September 12, 2016, this Court entered an Order denying Plaintiff's Application to Proceed without Prepayment of Fees or Costs. The Court summarily dismissed Plaintiff's Complaint because he is barred from proceeding *in forma pauperis* pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). On October 31, 2016, this Court denied Plaintiff's Motion for Reconsideration. Presently before the Court is Plaintiff's Amended Motion for Reconsideration, filed on December 5, 2016.  For the reasons that follow, the Court will deny Plaintiff's Amended Motion for Reconsideration.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court

for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

In his present motion, Plaintiff continues to argue that he is not subject to the "three strikes" provision of the PLRA. Plaintiff re-asserts his position that the case this Court relied upon to conclude he is barred by 28 U.S.C. § 1915(g) was erroneously decided. *See Krug v. Toh*, No. 15-cv-06691, *3 (C.D. Cal. Sept. 9, 2015) (listing Plaintiff's previous cases that have been dismissed as frivolous and dismissing action under 28 U.S.C. § 1915(g)). Plaintiff's assertion of arguments

2

that have already been considered and rejected by this Court does not entitle him to the requested relief. *Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

For all of the foregoing reasons, Plaintiff's Amended Motion for Reconsideration [#11] is DENIED.

SO ORDERED.

Dated: January 9, 2017                        /s/Gershwin A. Drain
                                                             GERSHWIN A. DRAIN
                                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 9, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk